IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONICA O. NWEVO LORD | § | |
| | § | |
| V. | § | A-14-CV-235 SS |
| | § | |
| THE UNION SOCIAL SECTOR | § | |

ORDER ON IN FORMA PAUPERIS STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is: Plaintiff Monica O. Nwevo Lord's ("Lord") Application to Proceed In Forma Pauperis (Dkt. # 1). Because Lord is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.  REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Lord's financial affidavit and has determined she is indigent and should be granted leave to proceed in forma pauperis. Accordingly, the Court hereby **GRANTS** Lord's request for in forma pauperis status. The Clerk of the Court shall file Lord's complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C.

§ 1915(e). Lord is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Lord's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

A.  **General Background**

Requested to briefly state the nature of her action in her In Forma Paupers Application, Lord states (capitals in original):

> DUE TO THE INSTRUCTIONS OF SENIOR JUDGE, SENIOR COMPENSATION JUDGE, SENIOR SOCIAL SECURITY JUDGE, DEPT. OF JUSTICE CIVIL RIGHTS DIRECTOR AND UNITED NATIONS ATTORNEY, SENIOR ATTORNEY IRISH AND ITALIAN, WOMAN UNITED NATION SENIOR ONE, I AM DOING WHAT THEIR DECISION PORTRAY, PLEASE HELP ME.

Dkt. #1 at p. 1. She further states that she was last employed in 2002 and currently resides in a rehabilitation and nursing home. In the portion of the application requesting "any more information that the Court should consider" Lord writes, again in all capital letters:

> THE SO CALLED UNION CRIMINALS USE THE PEOPLE WHO AREA NOT HAPPY WITH THEMSELVES TO EXTERMINATE MY LIFE. THEY HATE ME TO KILL THEY WINED UP IN DRYING UP IN LOOKING OLDER MY AGE. NOW THIS PROGRESSIVE CRIMINALS INSIDE UNION HAVE BEEN TACTICALLY USING THE TECHNOLOGY TO DESTROY ME. THE SURVEY I HAD IN JANUARY 2014 IS DUE THE WHITE AND MEXICAN GANGS PLUS BLACK GANGS WHO USED THE HUGE TRUCK WITH THREE DRUNS,

      SHELLING MY APT. UNTIL ONE NIGHT I COULD NOT GET UP TO WALK.
      THIS WAS THE NERVE THAT CRACKED MY BONE WAS DAMAGED.

*Id.* at p. 5. In her Complaint, by checking applicable boxes, Lord complains that she was discriminated against in violation of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. She does not attach a copy of any right to sue letter.

Lord further alleges in her Complaint that the "Social Sector" controls all the affairs of the City of Austin, that she was discriminated against in 2001, that "she is not a small girl," and that "the evil members of the Social Sector have harassing me by computing deadly and defamation information in the internet about me." Her other allegations include: that the Social Sector will send their "TURGS" to remove life from "the one" and that the "Defender started telling Mexicans that I s[t]ated to the Justice Department that born in Mexico, City, which false." As relief she requests a promotion and that she stopped being deprived of her "eligibility" and a finding that she is "not depressed." Complaint.

**B.**    **Standard of Review**

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.*, 490 U.S. at 327-28.

Additionally, in an action under section 1915, a district court may raise the defense of limitations sua sponte. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (citing *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *See id.*

**C.   Discussion**

Lord asserts that she is bringing claims pursuant to the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. Lord alleges that she was last employed in 2002 with Austin Nursing Center – whom she does not sue. Instead she sues the "Union Social Sector." Lord's allegations about the Union Social Sector are not employment-related; but rather, are more in the nature of paranoid delusions. Lord's allegations about the nefarious doings of the "Social Sector" rise to the level of the "irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Accordingly she has failed to state a claim that has an arguable basis in fact. Lord's claims in this action are fantastic and delusional and are properly dismissed as such. *Id.*

Additionally, Lord has failed to state a claim that has an arguable basis in law. Before bringing a claim against an employer under Title VII, the ADA or the ADEA, a plaintiff must first file a charge with the EEOC. If that charge is denied by the EEOC, the EEOC issues a right-to-sue letter, after which plaintiff has 90 days—or 300 days in a deferral state—to file suit. *See Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 & n. 7 (5th Cir. 2006). A plaintiff must exhaust the administrative process and receive her statutory notice of right-to-sue before filing a civil action in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Failure to

file a charge with the EEOC and exhaust administrative remedies before filing suit will result in dismissal. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Under Title VII, the ADA and the ADEA, a discrimination claim not brought within 300 days of the alleged discriminatory act is time-barred. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626*(d); Washington v. Patlis*, 868 F.2d 172, 175 (5th Cir. 1989).

Even assuming she intended to sue a former employer, Lord was last employed in 2002, and she has failed to submit a right to sue letter from the EEOC. Her Title VII, ADA and ADEA claims are properly dismissed for failure to exhaust administrative remedies and as time-barred. Additionally, the Rehabilitation Act is the exclusive remedy for federal employees claiming disability discrimination. *Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997). Lord does not assert she was employed by the federal government or an entity receiving funds from the federal government and any Rehabilitation Act claim also fails.

Based upon the foregoing, Lord's Complaint fails to allege any valid claims for relief. Accordingly, the Court will recommend that this case be dismissed under 28 U.S.C. § 1915(e)(2).

### III.  RECOMMENDATION

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. The Magistrate Court **RECOMMENDS** the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions and requests for relief.

### IV.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE