IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MONICA O. NWEVO LORD,
          Plaintiff,

-vs-                                              Case No.  A-14-CA-235-SS

THE UNION SOCIAL SECTOR,
          Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Monica O. Nwevo Lord's Complaint [#3], and the Report and Recommendation of the United States Magistrate Judge [#2], to which Plaintiff Lord has not objected. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Lord is entitled to de novo review of the portions of the Magistrate Judge's report to which she filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

This is a pro se civil action filed by Lord. Along with her Complaint, Lord filed an application to proceed *in forma pauperis*. The Magistrate Judge granted Lord's application to proceed *in forma pauperis*. Then, under 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Lord's claims and concluded Lord's Complaint lacks an arguable basis in law. The Magistrate Judge recommended the claims be dismissed as frivolous.

Requested to briefly state the nature of her action in her In Forma Paupers Application, Lord states, in all capital letters:

> DUE TO THE INSTRUCTIONS OF SENIOR JUDGE, SENIOR COMPENSATION JUDGE, SENIOR SOCIAL SECURITY JUDGE, DEPT. OF JUSTICE CIVIL RIGHTS DIRECTOR AND UNITED NATIONS ATTORNEY, SENIOR ATTORNEY IRISH AND ITALIAN, WOMAN UNITED NATION SENIOR ONE, I AM DOING WHAT THEIR DECISION PORTRAY, PLEASE HELP ME.

Application to Proceed In Forma Pauperis [#1], at 1.

She further states she was last employed in 2002 and currently resides in a rehabilitation and nursing home. In the portion of the application requesting "any more information that the Court should consider," Lord writes, again in all capital letters:

> THE SO CALLED UNION CRIMINALS USE THE PEOPLE WHO AREA NOT HAPPY WITH THEMSELVES TO EXTERMINATE MY LIFE. THEY HATE ME TO KILL THEY WINED UP IN DRYING UP IN LOOKING OLDER MY AGE. NOW THIS PROGRESSIVE CRIMINALS INSIDE UNION HAVE BEEN TACTICALLY USING THE TECHNOLOGY TO DESTROY ME. THE SURVEY I HAD IN JANUARY 2014 IS DUE THE WHITE AND MEXICAN GANGS PLUS BLACK GANGS WHO USED THE HUGE TRUCK WITH THREE DRUNS, SHELLING MY APT. UNTIL ONE NIGHT I COULD NOT GET UP TO WALK. THIS WAS THE NERVE THAT CRACKED MY BONE WAS DAMAGED.

*Id.* at 5.

In her Complaint, by checking the applicable boxes, Lord complains she was discriminated against in violation of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Rehabilitation Act of 1973. Compl. [#3], at 1. She does not attach a copy of any right to sue letter.

Lord further alleges, among other things, in her Complaint: (1) the "Social Sector" controls all the affairs of the City of Austin; (2) she was discriminated against in 2001; (3) "she is not a small girl"; (4) "the evil members of the Social Sector have harassing me by computing deadly and defamation information in the internet about me"; (5) the Social Sector will send their "TURGS" to remove life from "the one"; and (6) the "Defender started telling Mexicans that I s[t]ated to the Justice Department that born in Mexico, City, which false." *Id.* at 1–3. As relief she requests a promotion, that she stopped being deprived of her "eligibility," and a finding she is "not depressed." *Id.* at 4.

## Analysis

### I. Legal Standard

Under 28 U.S.C. § 1915(e)(2), this Court reviews the Complaint to determine if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), or the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). The petitioner's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The standard for determining whether a complaint fails to state a claim under § 1915(e) is identical to the standard used when ruling on a Rule 12(b)(6) motion. *Toursher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in dismissing for failure to state a claim under § 1915(e)(2)(B)). To survive a Rule 12(b)(6) motion, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

## II.   Application

Lord asserts she is bringing claims pursuant to Title VII, the ADEA, the ADA, and the Rehabilitation Act. Lord alleges she was last employed in 2002 with Austin Nursing Center, but she

does not sue Austin Nursing Center. Instead she sues the "Union Social Sector." Lord's allegations about the Union Social Sector are not employment-related; rather, they are more in the nature of "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Lord's allegations about the nefarious doings of the "Social Sector" rise to the level of the "irrational or the wholly incredible." *Id.* Accordingly, Lord's alleged facts are "clearly baseless," and the Court dismisses them as "factually frivolous." *Id.*

Additionally, Lord has failed to state a claim that has an arguable basis in law. Before bringing a claim against an employer under Title VII, the ADA, or the ADEA, a plaintiff must first file a charge with the Equal Employment Opportunity Commission (EEOC). If that charge is denied by the EEOC, the EEOC issues a right-to-sue letter, after which plaintiff has 90 days—or 300 days in a deferral state—to file suit. *See Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 n.7 (5th Cir. 2006). A plaintiff must exhaust the administrative process and receive her statutory notice of right-to-sue before filing a civil action in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Failure to file a charge with the EEOC and exhaust administrative remedies before filing suit will result in dismissal. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Under Title VII, the ADA, and the ADEA, a discrimination claim not brought within 300 days of the alleged discriminatory act is time-barred. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d); *Washington v. Patlis*, 868 F.2d 172, 175 (5th Cir. 1989).

Even assuming she intended to sue a former employer, Lord was last employed in 2002, and she has failed to submit a right to sue letter from the EEOC. Her Title VII, ADA and ADEA claims are properly dismissed for failure to exhaust administrative remedies and as time-barred.

Finally, the Rehabilitation Act is the exclusive remedy for federal employees claiming disability discrimination. *Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997). Lord does not assert she was employed by the federal government or an entity receiving funds from the federal government, and therefore her Rehabilitation Act claim fails.

## Conclusion

Based upon the foregoing, Lord's Complaint fails to allege any valid claims for relief. Accordingly, the Court dismisses this case under 28 U.S.C. § 1915(e)(2).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Andrew W. Austin [#2] is ACCEPTED;

IT IS FINALLY ORDERED that Plaintiff Monica O. Nwevo Lord's Complaint [#3] is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 29th day of April 2014.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE